# IN THE FEDERAL DISTRICT COURT OF THE UNITED STATES
# FOR THE EASTERN DISTRICT OF TENNESSEE

**EMILY STRACHAN**

    **Plaintiff,**

v.                                            Case No.
                                                              **JURY DEMANDED**

**LEE UNIVERSITY, individually**
**and LEE UNIVERSITY d/b/a STRING**
**THEORY AT THE HUNTER,**

    **Defendants.**

## VERIFIED COMPLAINT FOR DAMAGES

COMES NOW, Plaintiff, Emily Strachan, (hereinafter, "Ms. Strachan" or "Plaintiff"), by and through counsel, and for her Complaint against Lee University, individually and doing business as String Theory at the Hunter (hereinafter, "Defendants") and states as follows:

## NATURE OF THE COMPLAINT

1. Plaintiff brings this action for wrongful termination arising out of Defendants' discrimination and retaliation based on her disability in violation of the Americans with Disabilities Act, 42 U.S.C.§12112(a).

2. Plaintiff alleges that Defendants discriminated and retaliated against her with regard to the terms and conditions of her employment on the basis of her disability.

3. Defendants terminated Plaintiff's employment on or about September 29, 2019 because of her disability and in retaliation for requesting a reasonable accommodation for such disability.

1

4. Defendants' conduct constitutes discrimination and retaliation based on disability under the Americans with Disabilities Act, 42 U.S.C.§12112(a).

5. Plaintiff seeks backpay, front pay, compensatory damages, attorneys' fees, costs, expenses, and other relief the Court deems appropriate.

## PARTIES

6. Plaintiff, Emily Strachan, is an adult resident of Chattanooga, Hamilton County, Tennessee. At all times relevant to this proceeding, Ms. Strachan was a resident of Chattanooga, Hamilton County, Tennessee.

7. Defendant Lee University (hereinafter, "Lee University") a private university formed and organized under the laws of the state of Tennessee, licensed to do business in the state of Tennessee, with its principal place of business at 1120 N. Ocoee Street, Cleveland, Tennessee 37311. Defendant Lee University may be served with process through its registered agent, Chris H. Conine, at 1120 N. Ocoee Street, Cleveland, Tennessee 37311.

8. On information and belief, Defendant Lee University is also doing business as String Theory at the Hunter (hereinafter, "String Theory"). On information and belief, String Theory is a nonprofit entity founded by Ms. Gloria Chien, funded by Defendant Lee University, and hosted by the Hunter Museum of American Art.

## JURISDICTION AND VENUE

9. Subject matter jurisdiction is proper in this Court pursuant to Tennessee Code Annotated §16-10-101, conferring general jurisdiction on Circuit Court.

10. Venue is proper in this Court because the facts and circumstances giving rise to the causes of action contained within this Complaint occurred in Hamilton County and Bradley County, and within this Judicial District.

11. The Court can exercise personal jurisdiction over the Defendants because they conduct business in Tennessee and can be personally found within Tennessee.

12. At all relevant times complained of herein, Defendants were employers as contemplated by the Americans with Disabilities Act, 42 U.S.C.§12112(a).

13. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because Lee University resides in the Southern Division of the U.S. District Court for the Eastern District of Tennessee.

14. Plaintiff has exhausted her administrative remedies by filing a Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC), and receiving her Right to Sue letter, dated September 16, 2020.

## FACTUAL BACKGROUND

15. Ms. Emily Strachan was hired as Operations Director of String Theory by Ms. Gloria Chien, Artistic Director.

16. String Theory was founded in 2009 by Ms. Chien with the mission of exposing new audiences to chamber music, invigorating the local classical music scene, and cultivating a generation of music lovers.

17. String Theory is operated as a partnership between Lee University and the Hunter Museum of American Art in Chattanooga, Tennessee.

18. On information and belief, String Theory is funded through Lee University, but is physically hosted at the Hunter Museum of American Art.

19. Ms. Strachan signed her employment contract on March 11, 2019 with a start date of June 1, 2019.

20. Ms. Chien terminated Ms. Strachan's employment on September 29, 2019. The reason she gave Ms. Strachan for the termination was that they "were not clicking well."

21. Ms. Strachan suffers from Degenerative Disc Disease, Spinal Stenosis, arthritis in her lower back, and severe disc herniation.

22. As a result, Ms. Strachan has restrictions on her physical abilities including no standing for more than forty (40) minutes at a time, avoiding sitting for long periods of time, avoiding combinations of bending, lifting and twisting, not carrying or lifting more than 10-15 pounds, driving limitations, exercise parameters, walking no more than sixty (60) minutes at a time, and avoiding all activities that will cause pain.

23. She advised Artistic Director Gloria Chien, Chairwoman of the Board Candy Kruesi, and Operations Director Hannah Sweet about her disabilities around the time of her interview.

24. The original job description did not list any physical requirements for the Operations Director position.

25. Prior to her official start date, Ms. Strachan completed 40.5 hours of training, including completing two grant applications for Defendant that resulted in $17,000 in grant money being awarded to Defendant.

26. Additionally, Ms. Strachan was asked to train with the current Operations Director, Hannah Sweet.

27. On or about April 21, 2019, as part of her training, Ms. Strachan travelled from Michigan, where she was living at the time, to Chattanooga, Tennessee in order to train under Ms. Sweet during the last concert of the year.

28. During the training process, Ms. Strachan was asked to do physical labor that she was unable to do due to her disability.

29. Gloria advised that this would be an issue and asked why Ms. Strachan never told her about her restrictions.

30. Ms. Strachan responded that she had told Ms. Chien of her disability and restrictions during the interview, and that she had been told it would not be an issue.

31. On or about April 24, 2019, Ms. Strachan spoke with Candy Kruesi, Chairwoman of the Board, and explained the situation.

32. Ms. Kruesi told Ms. Strachan not worry, that they would get her the resources that she needed.

33. Ms. Strachan suggested looking into securing interns and volunteers to help with the physical elements of the position, and Ms. Kruesi agreed.

34. On or about June 23, 2019, Ms. Strachan reminded Ms. Chien that she was able to move chairs and other objects, but there was a 15-pound weight limit.

35. On or about August 17, 2019, during the preparation for the September 2019 concert, Ms. Chien stated that Ms. Strachan must be able to drive to and from the airport in order to pick up each of the seven artists scheduled to perform. This would require Ms. Strachan to exceed her 90 minute per day driving limit, since artist was coming at a separate time.

36. Ms. Strachan explained to Ms. Chien that she was unable to personally pick up every artist, but she would figure out a solution to the problem.

37. This issue was resolved by each artist driving themselves and carpooling from the airport. Ms. Strachan greeted two artists at their Airbnb and met the remaining five at the first rehearsal.

38. On or about September 1, 2019, Ms. Chien sent Ms. Strachan an email containing new physical requirements for the Operations Director position.

39. Ms. Chien also stated that they would see how things work out for the first concert and would reassess after.

40. Or about On September 29, 2019, Ms. Chien terminated Ms. Strachan's employment.

## COUNT I – DISABILIY DISCRIMINATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT, 42 U.S.C.§12112(a).

41. Ms. Strachan re-alleges and incorporates herein the allegations contained in Paragraphs 1 through 40 as if set forth fully herein.

42. Ms. Strachan is disabled.

43. Ms. Strachan has been diagnosed with multiple medical conditions resulting in physical restrictions which limit one or more of her major life activities.

44. Ms. Strachan has been diagnosed with Degenerative Disc Disease, Spinal Stenosis, arthritis in her lower back, and severe disc herniation. Ms. Strachan's treating physician has substantially restricted her physical exertion as a result of these diagnoses.

45. Ms. Strachan was qualified for her position with or without a reasonable accommodation.

46. Ms. Strachan was qualified for her position, as Defendants elected to hire her.

47. Defendants knew of Ms. Strachan's disability.

48. Defendants knew of Ms. Strachan's disability because she discussed her disabilities during her interviews with Ms. Chien, Ms. Kruesi, and Ms. Sweet.

49. Ms. Strachan was subject to and adverse employment action when Defendants terminated her employment based on her disability.

50. On information and belief, Defendants replaced Ms. Strachan with a non-disabled employee in the role of Operations Director.

51. Defendants discriminated against Ms. Strachan based on her disability when it terminated her employment.

52. Defendants' discrimination negatively impacted the terms and conditions of Ms. Strachan's employment and compensation.

53. Defendants discriminated against Ms. Strachan by negatively impacting the terms and conditions of her employment on the basis of her disability, in violation of the Americans With Disabilities Act, 42 U.S.C. §12111 *et seq.*

54. As a direct and proximate result of Defendants' discriminatory actions, Ms. Strachan was injured and suffered damages related to her illegal termination and subsequent failure to rehire.

55. Defendants' conduct caused Ms. Strachan to suffer economic damages, in the form of back pay and front pay; compensatory damages in the form of humiliation, embarrassment, degradation, emotional distress, and mental anguish; punitive damages; and attorneys' fees, costs and expenses.

### COUNT II – VIOLATION OF THE AMERICANS WITH DISABILITIES ACT, 42 U.S.C. § 12112 – FAILURE TO ACCOMMODATE

56. Plaintiff re-alleges and incorporates the allegations contained in Paragraphs 1 through 55 above, as if fully set forth herein.

57. The Americans with Disabilities Act, 42 U.S.C., § 12112 *et seq.*, prohibits employers from discriminating against employees with disabilities.

58. Defendants discriminated against Ms. Strachan because of her disability.

59. Ms. Strachan suffers from Degenerative Disc Disease, Spinal Stenosis, arthritis in her lower back, and severe disc herniation, which are disabling conditions that substantially limits one or more of her major life activities.

60. Defendants knew of Ms. Strachan's disability at the time they hired her.

61. Defendants knew of Ms. Strachan's disability because she discussed her disabilities during her interviews with Ms. Chien, Ms. Kruesi, and Ms. Sweet.

62. Defendants did not have Ms. Strachan complete any additional paperwork regarding her disability.

63. Ms. Strachan was otherwise qualified for her position with or without a reasonable accommodation.

64. Ms. Strachan had a stellar performance record throughout her employment with Defendant.

65. Ms. Strachan requested a reasonable accommodation in the form of volunteers and interns to complete physical tasks she is unable to perform.

66. Defendants failed to engage in the interactive process after Ms. Strachan requested a reasonable accommodation.

67. Defendants failed to engage in the interactive process, as it took no action to address Ms. Strachan's request for a reasonable accommodation, and left Ms. Strachan to her own devices to create her own reasonable accommodations.

68. Accordingly, Defendants knew of Ms. Strachan's disability, and that Ms. Strachan's work could be affected by her disability.

69. Because Defendants were unwilling to engage in the interactive process, Ms. Strachan took it upon herself to coordinate volunteers and interns in order to accomplish physical tasks she is unable to perform.

70. Accordingly, Defendants knew of Ms. Strachan's disability, and that Ms. Strachan's work could be affected by her disability.

71. Ms. Strachan suffered an adverse employment action when Defendants terminated her employment on or about September 29, 2019.

72. Defendants discriminated against Ms. Strachan by failing to accommodate on her disability and instead terminated her employment on or about September 29, 2019.

73. Defendants terminated Ms. Strachan's employment within two weeks of her request for a reasonable accommodation.

74. Defendants terminated Ms. Strachan's employment because she made a request for a reasonable accommodation for her disability.

75. In comparison, other employees who are not disabled and did not request reasonable accommodations have not been terminated.

76. Ms. Strachan's requested reasonable accommodation would not have imposed an undue burden on Defendants.

77. Defendants' discrimination negatively impacted the terms and conditions of Ms. Strachan's employment and compensation.

78. Defendants discriminated against Ms. Strachan by negatively impacting the terms and conditions of her employment on the basis of her disability, in violation of the Americans with Disabilities Act, 42 U.S.C., § 12112 *et seq.*,

79. As a direct and proximate result of Defendants' discriminatory actions, Ms. Strachan was injured and suffered damages related to this illegal termination.

80. Defendants' conduct caused Ms. Strachan to suffer economic damages, in the form of back pay and front pay; compensatory damages in the form of humiliation, embarrassment, degradation, emotional distress, and mental anguish; and attorneys' fees, costs, and expenses.

## COUNT III – RETALIAITON FOR REQUESTING A REASONABLE ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT, 42 U.S.C. § 12112

81. Plaintiff incorporates by reference paragraphs 1 through 80 of her Complaint as though fully set forth herein.

82. Ms. Strachan engaged in activity protected by the ADA when she requested a reasonable accommodation for her disability in her role as Operations Director.

83. The exercise of protected rights was known to Defendants, as Ms. Strachan directed her request for a reasonable accommodation to Ms. Gloria Chien, her supervisor.

84. Defendants thereafter took an adverse employment action against Ms. Strachan by terminating her employment.

85. There was a causal connection between Ms. Strachan's protected activity and the adverse employment action, because Ms. Strachan was terminated approximately three weeks after she made her request for a reasonable accommodation.

86. The actions of the Defendants, through their agents, servants and employees, in retaliating against Ms. Strachan for requesting a reasonable accommodation, and for opposing unlawful disability discrimination in the workplace, constituted a violation of the ADA.

87. As a direct result of the aforesaid unlawful retaliatory employment practices engaged in by the Defendants in violation of the ADA, Ms. Strachan sustained permanent and irreparable harm resulting in the termination of her employment, which caused her to sustain a loss

of earnings, plus the value of certain fringe benefits, loss of future earning power, back pay, front pay, and interest due thereon.

88. As a further direct result of the aforesaid unlawful retaliatory employment practices engaged in by the Defendants in violation of the ADA, Ms. Strachan suffered severe emotional distress, embarrassment, humiliation, and loss of self-esteem.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff Emily Strachan respectfully prays for relief as follows:

1. That the Defendants be served and required to answer within the time prescribed by law;

2. That a jury of twelve try this cause;

3. That, upon the hearing of this cause, the Court enter a judgment in favor of Plaintiff Emily Strachan and award her damages for her lost compensation from the date of Defendants' discriminatory and retaliatory actions in an amount to be proved at trial;

4. That the Court award Plaintiff back pay, front pay, punitive damages, compensatory damages including but not limited to, damages for emotional distress, pain and suffering, embarrassment, and humiliation in an amount to be proved at trial;

5. That costs and discretionary costs be taxed against Defendants;

6. That costs, attorneys' fees and expert witness fees be assessed against Defendants;

7. That the Court award such other remedies as shall be necessary and proper to eliminate all violations complained of herein;

8. That the Court award such other and further relief as it may find appropriate.

Dated: December 11, 2020                                    Respectfully Submitted,


                                                            s/ Alan G. Crone

                                                            Alan G. Crone, TN Bar No. 014285
                                                            Catherine C. Walsh, TN Bar No. 028168
                                                            THE CRONE LAW FIRM, PLC
                                                            88 Union Avenue, 14th Floor
                                                            Memphis, TN 38103
                                                            844.445.2387 (voice)
                                                            901.737.7740 (voice)
                                                            901.474.7926 (fax)
                                                            acrone@cronelawfirmplc.com
                                                            cwalsh@cronelawfirmplc.com


                                                            *Attorneys for Plaintiff*

**VERIFICATION**

      I, Emily Strachan, verify and declare that the facts stated in the foregoing Verified Complaint for violation of the Americans with Disabilities Act to the best of my knowledge and belief are true, sand that the Complaint is not made out of levity or by collusion with the Defendants, but in sincerity and truth for the causes mentioned in the Complaint.

*Emily Strachan*
Emily Strachan

12 / 11 / 2020
Date

13

Case 1:20-cv-00348-KAC-CHS  Document 1  Filed 12/11/20  Page 13 of 13  PageID #: 13

Doc ID: da1f462532bb5f7be67b39d39b4bf6c644e57218